IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

DANIEL FIDOE, et. al.,

          Plaintiffs,

-vs-

CITY OF TWINSBURG, et. al.,

          Defendants.

)
)
)
)
)
). CASE NO. 5:26-cv-01011-SL
)
)
) JUDGE: SARA LIOI
)
) ANSWER OF WILLIAM D. EVANS II
). AND POLY-TECH ASSOCIATES, INC.
)
)
) (JURY DEMAND ENDORSED HEREON)
)
)
)

Defendants WILLIAM D. EVANS II and POLY-TECH ASSOCIATES, INC., and each of them, answer the Complaint of Plaintiffs DANIEL FIDOE and OLIVIA BARTULOVIC as follows:

PARTIES

1. Defendants deny for want of knowledge the allegations contained in rhetorical paragraph 1 of Plaintiff's Complaint.

2. Defendants deny for want of knowledge the allegations contained in rhetorical paragraph 2 of Plaintiff's Complaint.

3. Defendants admit that Defendant City of Twinsburg is a municipality pursuant to the laws of the State of Ohio.

4. Defendants admit that upon information and belief Defendant Thomas Mason is or was the Chief of Police of the City of Twinsburg Police Department.

5. Defendants admit that upon information and belief Defendant Brian Donato is or was a lieutenant for the City of Twinsburg Police Department.

6. Defendants admit that upon information and belief Defendant Sam Scaffide is or was the Mayor of the City of Twinsburg.

7. Defendants admit that Defendant POLY-TECH ASSOCIATES, INC. is a corporation organized and existing under the laws of the State of Ohio with its principal place of business in Summit County, Ohio,

8. Defendants admit the allegations contained in rhetorical paragraph 8 of Plaintiffs' Complaint.

9. Defendants deny that this Court has any jurisdiction, original or supplemental, as to Defendants WILLIAM D. EVANS II or POLY-TECH ASSOCIATES, INC. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 9 of Plaintiffs' Complaint insofar as they relate to any other Defendant herein.

JURISDICTION AND VENUE

10. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 10 of Plaintiffs' Complaint.

11. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 11 of Plaintiffs' Complaint.

ALLEGATIONS OF FACT

12. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 12 of Plaintiffs' Complaint insofar as they bear any relationship whatsoever to the instant lawsuit.

13. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 13 of Plaintiffs' Complaint insofar as they bear any relationship whatsoever to the instant lawsuit.

14. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 14 of Plaintiffs' Complaint insofar as they bear any relationship whatsoever to the instant lawsuit.

15. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 15 of Plaintiffs' Complaint insofar as they bear any relationship whatsoever to the instant lawsuit.

16. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 16 of Plaintiffs' Complaint insofar as they bear any relationship whatsoever to the instant lawsuit.

17. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 17 of Plaintiffs' Complaint insofar as they bear any relationship whatsoever to the instant lawsuit.

18. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 18 of Plaintiffs' Complaint.

19. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 19 of Plaintiffs' Complaint.

20. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 20 of Plaintiffs' Complaint.

21. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 21 of Plaintiffs' Complaint.

22. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 22 of Plaintiffs' Complaint.

23. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 23 of Plaintiffs' Complaint.

24. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 24 of Plaintiffs' Complaint.

25. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 25 of Plaintiffs' Complaint.

26. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 26 of Plaintiffs' Complaint.

27. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 27 of Plaintiffs' Complaint.

28 Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 28 of Plaintiffs' Complaint.

29. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 29 of Plaintiffs' Complaint.

30. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 30 of Plaintiffs' Complaint.

31. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 31 of Plaintiffs' Complaint.

32. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 32 of Plaintiffs' Complaint.

33. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 33 of Plaintiffs' Complaint.

34. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 34 of Plaintiffs' Complaint.

35. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 35 of Plaintiffs' Complaint.

36. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 36 of Plaintiffs' Complaint.

37. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 37 of Plaintiffs' Complaint.

38. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 38 of Plaintiffs' Complaint.

39. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 39 of Plaintiffs' Complaint.

40. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 40 of Plaintiffs' Complaint.

41. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 41 of Plaintiffs' Complaint.

42. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 42 of Plaintiffs' Complaint.

43. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 43 of Plaintiffs' Complaint.

44. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 44 of Plaintiffs' Complaint.

45. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 45 of Plaintiffs' Complaint.

46. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 46 of Plaintiffs' Complaint.

47. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 47 of Plaintiffs' Complaint.

48. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 48 of Plaintiffs' Complaint, including but not limited to subparagraphs a-d inclusive thereof.

49. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 49 of Plaintiffs' Complaint, including but not limited to subparagraphs a-e inclusive thereof.

50. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 50 of Plaintiffs' Complaint, including but not limited to subparagraphs a-f inclusive thereof.

51. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 52 of Plaintiffs' Complaint.

52. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 52 of Plaintiffs' Complaint.

53. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 53 of Plaintiffs' Complaint.

54. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 54 of Plaintiffs' Complaint.

55. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 55 of Plaintiffs' Complaint.

56. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 56 of Plaintiffs' Complaint.

57. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 57 of Plaintiffs' Complaint.

58. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 58 of Plaintiffs' Complaint.

59. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 59 of Plaintiffs' Complaint.

60. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 60 of Plaintiffs' Complaint.

61. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 61 of Plaintiffs' Complaint.

62. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 62 of Plaintiffs' Complaint, including but not limited to subparagraphs a-g inclusive thereof.

63. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 63 of Plaintiffs' Complaint, including but not limited to subparagraphs a-b inclusive thereof.

64. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 64 of Plaintiffs' Complaint.

65. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 65 of Plaintiffs' Complaint, including but not limited to subparagraphs a-c inclusive thereof.

66. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 66 of Plaintiffs' Complaint, including but not limited to subparagraphs a-e inclusive thereof.

67. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 67 of Plaintiffs' Complaint, including but not limited to subparagraphs a-b inclusive thereof.

68. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 68 of Plaintiffs' Complaint, including but not limited to subparagraphs a-d inclusive thereof.

69. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 69 of Plaintiffs' Complaint.

70. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 70 of Plaintiffs' Complaint.

71. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 71 of Plaintiffs' Complaint.

72. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 72 of Plaintiffs' Complaint.

73. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 73 of Plaintiffs' Complaint.

74. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 74 of Plaintiffs' Complaint.

75. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 75 of Plaintiffs' Complaint.

76. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 76 of Plaintiffs' Complaint.

77. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 77 of Plaintiffs' Complaint.

78. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 78 of Plaintiffs' Complaint.

79. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 79 of Plaintiffs' Complaint.

80. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 80 of Plaintiffs' Complaint.

81. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 81 of Plaintiffs' Complaint.

82. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 82 of Plaintiffs' Complaint.

83. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 83 of Plaintiffs' Complaint.

84. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 84 of Plaintiffs' Complaint.

85. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 85 of Plaintiffs' Complaint.

86. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 86 of Plaintiffs' Complaint.

87. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 87 of Plaintiffs' Complaint.

88. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 88 of Plaintiffs' Complaint.

89. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 89 of Plaintiffs' Complaint.

90. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 90 of Plaintiffs' Complaint.

91. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 91 of Plaintiffs' Complaint.

92. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 92 of Plaintiffs' Complaint.

93. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 93 of Plaintiffs' Complaint.

94. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 94 of Plaintiffs' Complaint.

95. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 95 of Plaintiffs' Complaint.

96. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 96 of Plaintiffs' Complaint, including but not limited to subparagraphs a-b inclusive thereof.

97. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 97 of Plaintiffs' Complaint.

98. Defendants admit that Defendant Poly-Tech Associates, Inc. was engaged as an independent contractor to perform polygraph examinations of Plaintiffs Daniel Fidoe and Olivia Bartulovic relating to a particular incident which allegedly occurred on February 21, 2023. Defendants deny each and every other allegation and aspersion contained in rhetorical paragraph 98 of Plaintiffs' Complaint.

99. Defendants admit that Defendant William D. Evans II is the owner of Defendant Poly-Tech Associates, Inc. Defendants deny each and every other allegation and aspersion contained in rhetorical paragraph 99 of Plaintiffs' Complaint.

100. Defendants deny each and every allegation contained in rhetorical paragraph 100 of Plaintiffs' Complaint.

101. Defendants agreed to conduct polygraph examinations of Plaintiffs with each of their legal counsel present and participating in the process. Defendants deny each and every remaining allegation contained in rhetorical paragraph 101 of Plaintiffs' Complaint.

102. Defendants deny each and every allegation contained in rhetorical paragraph 102 of Plaintiffs' Complaint.

103. Defendants deny each and every allegation contained in rhetorical paragraph 103 of Plaintiffs' Complaint.

104. Defendants admit that the polygraph examinations demonstrated deception by Plaintiffs Fidoe and Bartulovic and each of them. Defendants deny each and every remaining allegation contained in rhetorical paragraph 104 of Plaintiffs' Complaint.

105. Defendants admit that Defendant Evans drafted reports accurately stating the results of the polygraph examinations of Plaintiffs Fidoe and Bartulovic and each of them. Defendants deny each and every remaining allegation contained in rhetorical paragraph 105 of Plaintiffs' Complaint.

106. Defendants admit that, upon information and belief, the City of Twinsburg instituted disciplinary proceedings against Plaintiffs Fidoe and Bartulovic based on several alleged violations independent of the results of the polygraph examinations conducted by Defendants. Defendants deny each and every remaining allegation contained in rhetorical paragraph 106 of Plaintiffs' Complaint.

107. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 107 of Plaintiffs' Complaint.

108. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 108 of Plaintiffs' Complaint.

109. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 109 of Plaintiffs' Complaint.

110. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 110 of Plaintiffs' Complaint.

111. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 111 of Plaintiffs' Complaint.

112. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 112 of Plaintiffs' Complaint.

113. Defendants deny each and every allegation contained in rhetorical paragraph 113 of Plaintiffs' Complaint, including but not limited to the allegations contained in subparagraphs a-c of rhetorical paragraph 113.

114. Defendants deny each and every allegation contained in rhetorical paragraph 114 of Plaintiffs' Complaint.

115. Defendants deny each and every allegation contained in rhetorical paragraph 115 of Plaintiffs' Complaint.

116. Defendants deny each and every allegation contained in rhetorical paragraph 116 of Plaintiffs' Complaint.

117. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 117 of Plaintiffs' Complaint.

118. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 118 of Plaintiffs' Complaint.

COUNT I: FIRST AMENDMENT RETALIATION (42 U.S.C. 1983)

119. Defendants incorporate by reference their answers to rhetorical paragraphs 1-118 and each of them.

120. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 120 of Plaintiffs' Complaint insofar as they bear any relationship the to instant lawsuit.

121. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 121 of Plaintiffs' Complaint insofar as they bear any relationship to the instant lawsuit.

122. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 122.

123. Defendants deny each and every allegation contained in rhetorical paragraph 123 of Plaintiffs' Complaint.

COUNT II: EQUAL PROTECTION VIOLATION (42 U.S..C. 1983)

124. Defendants incorporate by reference their answers to rhetorical paragraphs 1-123 and each of them.

125. Defendants deny the allegations contained in rhetorical paragraph 125 of Plaintiffs' Complaint to the extent that they bear any relationship to the instant lawsuit.

126. Defendants deny the allegations contained in rhetorical paragraphs 126 of Plaintiffs' Complaint to the extent they bear any relationship to the instant lawsuit.

127. Defendants deny the allegations contained in rhetorical paragraph 127 of Plaintiffs' Complaint.

128. Defendants deny for lack of knowledge each of the allegations contained in rhetorical paragraph 128 of Plaintiffs' Complaint.

129. Defendants deny the allegations contained in rhetorical paragraph 129 of Plaintiffs' Complaint.

130. Defendants deny the allegations contained in rhetorical paragraph 130 of Plaintiffs' Complaint.

COUNT III: CONSPIRACY TO INTERFERE WITH CIVIL RIGHTS (42 U.S.C. 1985(3))

131. Defendants incorporate by reference their answers to rhetorical paragraphs 1-130 of Plaintiffs' Complaint.

132. Defendants deny the allegations contained in rhetorical paragraph 132 of Plaintiffs' Complaint.

133. Defendants deny the allegations contained in rhetorical paragraph 133 of Plaintiffs' Complaint.

134. Defendants deny the allegations contained in rhetorical paragraph 134 of Plaintiffs' Complaint.

COUNT IV: INTERFERENCE WITH CIVIL RIGHTS

135. Defendants incorporate by reference their answers to rhetorical paragraphs 1-134 of Plaintiffs' Complaint.

136. Defendants deny the allegations contained in rhetorical paragraph 136 of Plaintiffs' Complaint insofar as they bear any relationship to the instant lawsuit.

137. Defendants deny the allegations contained in rhetorical paragraph 137 of Plaintiffs' Complaint insofar as they bear any relationship to the instant lawsuit.

138. Defendants deny the allegations contained in rhetorical paragraph 138 of Plaintiffs' Complaint insofar as they bear any relationship to the instant lawsuit.

139. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 139 of Plaintiffs' Complaint.

140. Defendants deny each and every allegation contained in rhetorical paragraph 140 of Plaintiffs' Complaint.

COUNT V: WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY

141. Defendants incorporate by reference their answers to rhetorical paragraphs 1-140 of Plaintiffs' Complaint.

142. Defendants deny the allegations contained in rhetorical paragraph 142 of Plaintiffs' Complaint insofar as they bear any relationship to the instant lawsuit.

143. Defendants deny the allegations contained in rhetorical paragraph 143 of Plaintiffs' Complaint.

144. Defendants deny the allegations contained in rhetorical paragraph 144 of Plaintiffs' Complaint.

145. Defendants deny the allegations contained in rhetorical paragraph 145 of Plaintiffs' Complaint.

COUNT VI: FALSIFICATION

146. Defendants incorporate by reference their answers to rhetorical paragraphs 1-145 of Plaintiffs' Complaint.

147. Defendants deny the allegations contained in rhetorical paragraph 147 of Plaintiffs' Complaint insofar as they bear any relationship to the instant lawsuit.

148. Defendants deny for lack of knowledge the allegations contained in rhetorical paragraph 148 of Plaintiffs' Complaint.

149. Defendants deny the allegations contained in rhetorical paragraph 149 of Plaintiffs' Complaint.

150. Defendants deny each and every allegation contained in Plaintiffs' Complaint not specifically admitted in this Answer.

## FIRST AFFIRMATIVE DEFENSE

151. Plaintiffs' Complaint fails, in whole or in part, to state claims upon which relief can be granted or for which the remedies sought can be awarded.

## SECOND AFFIRMATIVE DEFENSE

152. Plaintiffs' claims are barred, in whole or in part, by the statute of limitations and the doctrine of laches.

## THIRD AFFIRMATIVE DEFENSE

153. Plaintiffs' claims are barred, in whole or in part, by the law of estoppel.

## FOURTH AFFIRMATIVE DEFENSE

154. If Plaintiffs suffered any injuries or damages as alleged, such injuries or damages were caused by one or more persons for whose conduct Defendants were not and are not legally responsible.

## FIFTH AFFIRMATIVE DEFENSE

155. Plaintiffs' claims are barred because defendants have, at all relevant times herein, acted in good faith and have not violated any rights that may be secured to Plaintiffs under any constitution, federal, state or local laws, rules, regulations or guidelines.

## SIXTH AFFIRMATIVE DEFENSE

156. Plaintiff' claims for damages are barred or reduced to the extent that each them failed to properly mitigate their alleged damages.

### SEVENTH AFFIRMATIVE DEFENSE

157. Even if Plaintiffs are able to prove that a prohibited factor motivated any act by Defendants, which Defendants expressly deny, the same action would have been taken even absent such motivation and, therefore, Plaintiffs' claims must fail.

### EIGHTH AFFIRMATIVE DEFENSE

158. An award of punitive damages in this case would be contrary to Defendants' good faith efforts to comply with all applicable common law doctrines, statutes and ordinances.

### NINTH AFFIRMATIVE DEFENSE

159. Plaintiffs' claims, in whole or in part, are barred by the doctrine of after-acquired evidence.

### TENTH AFFIRMATIVE DEFENSE

160. Plaintiffs' claims are barred or must be reduced pursuant to sections 2315.18, 2315.20 and 2315.21 of the Ohio Revised Code.

### ELEVENTH AFFIRMATIVE DEFENSE

161. Plaintiffs' claims for injunctive relief should be denied, as monetary relief adequately addresses Plaintiffs' damages, if any.

### TWELFTH AFFIRMATIVE DEFENSE

162. Plaintiffs' claims are barred because Defendants at all times acted reasonably and in accordance with all professional standards, rules and regulations.

## THIRTEENTH AFFIRMATIVE DEFENSE

163. Plaintiff Olivia Bartulovic's claims are barred in whole or in part because she voluntarily chose to resign her employment with the City of Twinsburg.

## FOURTEENTH AFFIRMATIVE DEFENSE

164. Plaintiffs' claims are barred in whole or in part because their damages and injuries, if any, were caused by their own wrongful conduct.

## FIFTEENTH AFFIRMATIVE DEFENSE

165. Plaintiffs' claims are barred in whole or in part because their damages and injuries, if any, were caused by third parties for whose conduct Defendants are not responsible.

## SIXTEENTH AFFIRMATIVE DEFENSE

166. To the extent Plaintiffs are seeking punitive damages, such claims are barred because the alleged acts or omissions of Defendants, and each of them, do not rise to the level required to sustain an award of punitive damages, do not evidence malicious, reckless, or fraudulent intent to deny Plaintiffs their protected rights, are not wanton or willful as required to support an award of punitive damages, and do not otherwise entitle Plaintiffs to punitive damages.

## SEVENTEENTH AFFIRMATIVE DEFENSE

167. To the extent Plaintiffs are seeking punitive damages, such claims are barred because the award of such damages would violate Defendants rights under the Constitution of the State of Ohio and the United States of America.

## EIGHTEENTH AFFIRMATIVE DEFENSE

168. Plaintiffs are not entitled to all or any part of the relief they seek.

## NINETEENTH AFFIRMATIVE DEFENSE

169. Plaintiffs' claims are barred because they do not have clean hands.

## TWENTIETH AFFIRMATIVE DEFENSE

170. Plaintiffs' claims arising from any polygraph examination conducted by Defendants of Plaintiffs are barred because counsel for each Plaintiff was present during said polygraph examination, participated in the conduct of the examination, made no substantive objection to the examination and waived any claims arising from said examinations.

## TWENTY-FIRST AFFIRMATIVE DEFE SE

171. Defendants are not the cause or even a substantial factor in any alleged injuries or damages, if any, allegedly suffered by Plaintiffs.

## TWENTY-SECOND AFFIRMATIVE DEFENSE

172. Defendants, and each of them, expressly reserve the right to assert and pursue additional defenses that may become known through discovery or otherwise.

WHEREFORE, Defendants Poly-Tech Associates, Inc. and William D. Evans II, and each them, pray that the claims raised against them in the Complaint be dismissed in their entirety with prejudice, that judgment be entered in Defendants' favor, and that they recover their costs and expenses, including reasonable attorney fees, and such other and further relief to which Defendants may be entitled by law or in equity or as this Honorable Court deems just and proper.

Respectfully submitted,

s/ Bryan L. Penvose, Esq.
KOBLENTZ, PENVOSE, & FRONING LLC
Richard S. Koblentz (0002677)
Email: Rich@Koblentzlaw.com
Bryan L. Penvose (00741340)
Email: Bryan@Koblentzlaw.com
Nicholas E. Froning (0091755)
Email: Nick@Koblentzlaw.com
Stephen W. Gard (0001150)
3 Summit Park Drive
Suite 440
Cleveland, OH  44131
Phone: (216) 621-3012
Fax: (216) 621-6567


Counsel for Defendants William D. Evans II
            and Poly-Tech Associates, Inc.

JURY DEMAND

Defendants POLY-TECH ASSOCIATES, INC. and WILLIAM D. EVANS, and each of

them, hereby demand trial by jury by the maximum number of jurors permitted by law.

s/ Bryan L. Penvose, Esq.
Counsel for Defendants Poly-Tech Associates, Inc.
and William D. Evans II

CERTIFICATE OF SERVICE

I certify that a true and correct copy of foregoing Answer was served electronically by the court's electronic filing system and by email this 1st day of July, 2026 at:

brian.bardwell@speechlaw.com

Brian D. Bardwell
Speech Law LLC
Suite 400
4403 St. Clair Avenue
Cleveland, OH 44103-1125

*Counsel for Olivia Bartulovic and Daniel Fidoe*

 s/ Bryan L. Penvose, Esq.
Counsel for Defendants William D. Evans II
and Poly-Tech Associates, Inc.