UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL FIDOE, et al., | ) | Case No. 5:26-cv-1011 |
| | ) | |
| Plaintiffs, | ) | CHIEF JUDGE SARA LIOI |
| | ) | |
| v. | ) | MAGISTRATE JUDGE AMANDA M. KNAPP |
| | ) | |
| CITY OF TWINSBURG, et al. | ) | |
| | ) | |
| Defendants. | ) | |

**CITY DEFENDANTS' ANSWER TO PLAINTIFFS' COMPLAINT**
**(JURY DEMAND ENDORSED HEREON)**

Now come Defendants, City of Twinsburg, Police Chief Thomas Mason, Lieutenant Brian Donato, and Mayor Sam Scaffide (all collectively, "City Defendants"), by and through the undersigned counsel and for their Answer to Plaintiffs, Daniel Fidoe and Olivia Bartulovic's (collectively, "Plaintiffs"), Complaint state as follows:

## INTRODUCTION

Plaintiffs' allegations contained within the introduction of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. To the extent a response is required, the City Defendants admit only that Plaintiffs purport to bring their lawsuit under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, as well as Ohio Revised Code §§ 2307.60, 2921.13, 2921.45, 4113.52 and Ohio Const. art. I, § 11. The City Defendants deny any remaining allegations – express or implied – contained in the introduction of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

## PARTIES

1. Upon information and belief, the City Defendants deny the allegations in Paragraph 1 of the Complaint as it relates to Plaintiff Fidoe's alleged status as a patrol officer for the City of Parma. Upon further information and belief, the City Defendants admit that Plaintiff Fidoe is a resident of Stark County, Ohio.
2. Upon information and belief, the City Defendants deny the allegations in Paragraph 2 of the Complaint as it relates to Plaintiff Bartulovic's alleged status as a patrol officer for the City of Alliance. Upon further information and belief, the City Defendants admit that Plaintiff Bartulovic is a resident of Summit County, Ohio.
3. The City Defendants deny the allegations in Paragraph 3 of Plaintiffs' Complaint.
4. The City Defendants admit the allegations in Paragraph 4 of Plaintiffs' Complaint. Further answering, the City Defendants deny that Plaintiffs are entitled to any of the relief requested in their Complaint.
5. The City Defendants admit the allegations in Paragraph 5 of Plaintiffs' Complaint. Further answering, the City Defendants deny that Plaintiffs are entitled to any of the relief requested in their Complaint.
6. The City Defendants admit the allegations in Paragraph 6 of Plaintiffs' Complaint. Further answering, the City Defendants deny that Plaintiffs are entitled to any of the relief requested in their Complaint.
7. Upon information and belief, the City Defendants admit the allegations in Paragraph 7 of Plaintiffs' Complaint. Further answering, the City Defendants deny that Plaintiffs are entitled to any of the relief requested in their Complaint.

8. Upon information and belief, the City Defendants admit the allegations in Paragraph 8 of Plaintiffs' Complaint. Further answering, the City Defendants deny that Plaintiffs are entitled to any of the relief requested in their Complaint.

**JURISDICTION AND VENUE**

9. The allegations contained in Paragraph 9 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. To the extent a response is required, the City Defendants admit that Plaintiffs purport to bring their lawsuit under 42 U.S.C. § 1983 and 42 U.S.C. § 1985, as well as Ohio Revised Code §§ 2307.60, 2921.13, 2921.45, 4113.52 and Ohio Const. art. I, § 11, the Court has subject matter jurisdiction over Plaintiffs' federal claims and supplemental jurisdiction over Plaintiffs' state law claims. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 9 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint

10. The allegations contained in Paragraph 10 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. Further answering, the City Defendants deny that they committed any acts in violation of federal and/or state law and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

11. The allegations contained in Paragraph 11 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. Further answering, the City Defendants deny that they committed any acts in violation of

federal and/or state law and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

## FACTUAL ALLEGATIONS

12. The allegations contained in Paragraph 12 are conclusory and inflammatory statements that fail to meet the procedural requirements of Fed.R.Civ.P. 8 and, as such, do not require a response from the City Defendants. To the extent a response is required, the City Defendants deny the allegations in Paragraph 12 of the Complaint to the extent they attempt to directly and/or indirectly implicate the City Defendants with respect to the claims and allegations asserted against the City Defendants in this Complaint. Further answering, the City Defendants deny that they committed any acts in violation of federal and/or state law and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.
13. The allegations contained in Paragraph 13 are conclusory and inflammatory statements that fail to meet the procedural requirements of Fed.R.Civ.P. 8 and, as such, do not require a response from the City Defendants. To the extent a response is required, the City Defendants deny the allegations in Paragraph 13 of the Complaint to the extent they attempt to directly and/or indirectly implicate the City Defendants with respect to the claims and allegations asserted against the City Defendants in this Complaint. Further answering, the City Defendants deny that they committed any acts in violation of federal and/or state law and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.
14. The allegations contained in Paragraph 14 are conclusory and inflammatory statements that fail to meet the procedural requirements of Fed.R.Civ.P. 8 and, as

such, do not require a response from the City Defendants. To the extent a response is required, the City Defendants deny the allegations in Paragraph 14 of the Complaint to the extent they attempt to directly and/or indirectly implicate the City Defendants with respect to the claims and allegations asserted against the City Defendants in this Complaint. Further answering, the City Defendants deny that they committed any acts in violation of federal and/or state law and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

15. The allegations contained in Paragraph 15 are conclusory and inflammatory statements that fail to meet the procedural requirements of Fed.R.Civ.P. 8 and, as such, do not require a response from the City Defendants. To the extent a response is required, the City Defendants deny the allegations in Paragraph 15 of the Complaint to the extent they attempt to directly and/or indirectly implicate the City Defendants with respect to the claims and allegations asserted against the City Defendants in this Complaint. Further answering, the City Defendants deny that they committed any acts in violation of federal and/or state law and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

16. The allegations contained in Paragraph 16 are conclusory and inflammatory statements that fail to meet the procedural requirements of Fed.R.Civ.P. 8 and, as such, do not require a response from the City Defendants. To the extent a response is required, the City Defendants deny the allegations in Paragraph 16 of the Complaint to the extent they attempt to directly and/or indirectly implicate the City Defendants with respect to the claims and allegations asserted against the City Defendants in this Complaint. Further answering, the City Defendants deny that they committed any

acts in violation of federal and/or state law and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

17. The allegations contained in Paragraph 17 are conclusory and inflammatory statements that fail to meet the procedural requirements of Fed.R.Civ.P. 8 and, as such, do not require a response from the City Defendants. To the extent a response is required, the City Defendants deny the allegations in Paragraph 17 of the Complaint to the extent they attempt to directly and/or indirectly implicate the City Defendants with respect to the claims and allegations asserted against the City Defendants in this Complaint. Further answering, the City Defendants deny that they committed any acts in violation of federal and/or state law and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.
18. The City Defendants deny the allegations in Paragraph 18 of the Complaint.
19. The City Defendants deny the allegations in Paragraph 19 of the Complaint.
20. In response to the allegations contained in Paragraph 20 of the Complaint, the City Defendants admit only that, at all relevant times, Defendant Donato was Plaintiff Fidoe's field training officer. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 20 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.
21. The City Defendants deny the allegations in Paragraph 21 of the Complaint.
22. In response to the allegations in Paragraph 22 of the Complaint, the City Defendants admit only that Plaintiff Fidoe was hired by the City of Twinsburg on March 3, 2008 and, during his employment, was involved in a traffic incident occurring on Liberty

Road on October 20, 2010. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 22 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

23. In response to the allegations in Paragraph 23 of the Complaint, the City Defendants admit only that during Plaintiff Fidoe's employment he was involved in a traffic incident occurring on Liberty Road on October 20, 2010. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 23 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

24. The City Defendants deny the allegations in Paragraph 24 of the Complaint.

25. In response to the allegations contained in Paragraph 25 of the Complaint, the City Defendants state, while making no admissions, that Twinsburg Police Incident Report No. 10-32172 is the best evidence of its contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 25 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

26. The City Defendants deny the allegations in Paragraph 26 of the Complaint.

27. The City Defendants deny the allegations in Paragraph 27 of the Complaint.

28. In response to the allegations in Paragraph 28 of the Complaint, the City Defendants affirmatively state that there were never any reports of missing money made to

anyone in the City's Police or Law Department in regard to Twinsburg Police Incident Report No. 10-32172 and further affirmatively state that no seized funds from this incident ever went missing. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 28 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

29. In response to the allegations in Paragraph 29 of the Complaint, the City Defendants affirmatively state that there were never any reports of missing money made to anyone in the City's Police or Law Department in regard to Twinsburg Police Incident Report No. 10-32172 and further affirmatively state that no seized funds from this incident ever went missing. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 29 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

30. The City Defendants deny the allegations in Paragraph 30 of the Complaint.

31. In response to the allegations in Paragraph 31 of the Complaint, the City Defendants affirmatively state that there were never any reports of missing money made to anyone in the City's Police or Law Department in regard to Twinsburg Police Incident Report No. 10-32172 and further affirmatively state that no seized funds from this incident ever went missing. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 31 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

32. The City Defendants deny the allegations in Paragraph 32 of the Complaint.

33. In response to the allegations in Paragraph 33 of the Complaint, the City Defendants – upon information and belief – admit only that Plaintiff Fidoe was employed by the Stark County Sheriff's Office from February 22, 2007 through March 2, 2008. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 33 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

34. The City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of Plaintiff's Complaint and, therefore, deny the same.

35. In response to the allegations in Paragraph 35 of the Complaint, the City Defendants admit only that Plaintiff Fidoe was hired by the City of Twinsburg on March 3, 2008 as a patrol officer. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 35 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

36. In response to the allegations contained in Paragraph 36 of the Complaint, the City Defendants state, while making no admissions, that the official incident reports pertaining to the July 13, 2008 shooting of City of Twinsburg Police Officer Joshua Miktarian are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 36 of the Complaint, deny that they committed any acts in violation of federal and/or state law,

and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

37. In response to the allegations contained in Paragraph 37 of the Complaint, the City Defendants state, while making no admissions, that the official incident reports pertaining to the July 13, 2008 shooting of City of Twinsburg Police Officer Joshua Miktarian are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 37 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

38. In response to the allegations contained in Paragraph 38 of the Complaint, the City Defendants state, while making no admissions, that the official incident reports pertaining to the July 13, 2008 shooting of City of Twinsburg Police Officer Joshua Miktarian are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 38 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

39. In response to the allegations contained in Paragraph 39 of the Complaint, the City Defendants state, while making no admissions, that the official incident reports pertaining to the July 13, 2008 shooting of City of Twinsburg Police Officer Joshua Miktarian are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 39 of the

Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

40. In response to the allegations contained in Paragraph 40 of the Complaint, the City Defendants state, while making no admissions, that the official incident reports pertaining to the July 13, 2008 shooting of City of Twinsburg Police Officer Joshua Miktarian are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 40 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

41. The City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of Plaintiff's Complaint and, therefore, deny the same.

42. In response to the allegations contained in Paragraph 42 of the Complaint, the City Defendants state, while making no admissions, that Plaintiff Fidoe's City of Twinsburg personnel file and all employment-related records – including, specifically, all disciplinary records – are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 42 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

43. In response to the allegations contained in Paragraph 43 of the Complaint, the City Defendants state, while making no admissions, that Plaintiff Fidoe's City of Twinsburg personnel file and all employment-related records – including, specifically, all disciplinary records – are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 43 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

44. In response to the allegations contained in Paragraph 44 of the Complaint, the City Defendants state, while making no admissions, that Plaintiff Fidoe's City of Twinsburg personnel file and all employment-related records – including, specifically, all disciplinary records – are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 44 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

45. In response to the allegations contained in Paragraph 45 of the Complaint, the City Defendants state, while making no admissions, that Plaintiff Fidoe's City of Twinsburg personnel file and all employment-related records – including, specifically, all disciplinary records – are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 45 of the Complaint, deny that they committed any acts in violation of

federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

46. The City Defendants deny the allegations in Paragraph 46 of the Complaint.

47. The City Defendants deny the allegations in Paragraph 47 of the Complaint.

48. In response to the allegations contained in Paragraph 48 of the Complaint, the City Defendants state, while making no admissions, that Plaintiff Fidoe's City of Twinsburg personnel file and all employment-related records – including, specifically, all disciplinary records – are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 48 of the Complaint, including subparagraphs (a) through (d), deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

49. In response to the allegations contained in Paragraph 49 of the Complaint, the City Defendants state, while making no admissions, that Plaintiff Fidoe's City of Twinsburg personnel file and all employment-related records – including, specifically, all disciplinary records – are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 49 of the Complaint, including subparagraphs (a) through (e), deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

50. In response to the allegations contained in Paragraph 50 of the Complaint, the City Defendants state, while making no admissions, that Plaintiff Fidoe's City of Twinsburg personnel file and all employment-related records – including,

specifically, all disciplinary records – are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 50 of the Complaint, including subparagraphs (a) through (f), deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

51. In response to the allegations contained in Paragraph 51 of the Complaint, the City Defendants state, while making no admissions, that Plaintiff Fidoe's referenced educational records and transcripts are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 51 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

52. In response to the allegations in Paragraph 52 of the Complaint, the City Defendants admit only that the City of Twinsburg Police Department contains officers committed to improving themselves, their department, and the profession of law enforcement – but, given their violation of City and/or Department policies and ultimate termination from employment as a result of the same, deny that Plaintiffs should be included amongst such officers. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 52 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

53. In response to the allegations in Paragraph 53 of the Complaint, the City Defendants admit only that Plaintiff Bartulovic was hired by the City of Twinsburg as a patrol

officer in September 2019. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 53 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

54. The City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of Plaintiff's Complaint and, therefore, deny the same.

55. In response to the allegations contained in Paragraph 55 of the Complaint, the City Defendants state, while making no admissions, that Plaintiff Bartulovic's referenced educational records and transcripts are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 55 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

56. In response to the allegations in Paragraph 56 of the Complaint, the City Defendants affirmative state that Plaintiff Bartulovic's probationary period was extended beyond June 2021 due to an internal investigation involving Plaintiff Bartulovic. Further answering, the City Defendants state, while making no admissions, that Plaintiff Bartulovic's City of Twinsburg personnel file and all employment-related records – including, specifically, all disciplinary records – are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 56 of the Complaint, deny that they committed any acts in

violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

57. In response to the allegations contained in Paragraph 57 of the Complaint, the City Defendants state, while making no admissions, that Plaintiff Bartulovic's City of Twinsburg personnel file and all employment-related records – including, specifically, all disciplinary records – are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 57 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

58. In response to the allegations in Paragraph 58 of the Complaint, the City Defendants admit only that Plaintiff Bartulovic requested training relative to field-sobriety tests and high-risk traffic stops, which training was granted to Plaintiff Bartulovic. Further answering, the City Defendants state, while making no admissions, that Plaintiff Bartulovic's City of Twinsburg personnel file and all employment-related records – including, specifically, all disciplinary records – are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 58 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

59. In response to the allegations contained in Paragraph 59 of the Complaint, the City Defendants state, while making no admissions, that Plaintiff Bartulovic's City of Twinsburg personnel file and all employment-related records – including,

specifically, all disciplinary records – are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 59 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

60. The City Defendants deny the allegations in Paragraph 60 of the Complaint.

61. The City Defendants deny the allegations in Paragraph 61 of the Complaint.

62. The City Defendants deny the allegations in Paragraph 62, including subparagraphs (a) through (g).

63. The City Defendants deny the allegations in Paragraph 63 of the Complaint, including subparagraphs (a) through (b).

64. The City Defendants deny the allegations in Paragraph 64 of the Complaint.

65. In response to the allegations in Paragraph 65 of the Complaint, the City Defendants admit only that Lt. Donato was disciplined by the City of Twinsburg for an incident involving his actions at GetGo while on security detail. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 65 of the Complaint including subparagraphs (a) through (c), deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

66. The City Defendants deny the allegations in Paragraph 66 of the Complaint, including subparagraphs (a) through (e).

67. The City Defendants deny the allegations in Paragraph 67 of the Complaint, including subparagraphs (a) through (b).

68. The City Defendants deny the allegations in Paragraph 68, including subparagraphs (a) through (d).

69. In response to the allegations in Paragraph 69 of the Complaint, the City Defendants deny the existence of any intolerable problems within the Twinsburg Police Department during the course of Plaintiffs' employment with the City of Twinsburg. Further answering, the City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 69 of Plaintiff's Complaint as they relate to Plaintiffs' purported state of mind and, therefore, deny the same. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 69 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

70. In response to the allegations in Paragraph 70 of the Complaint, the City Defendants deny the existence of any corruption, harassment or record tampering within the City of Twinsburg Police Department. Further answering, the City Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 70 of Plaintiff's Complaint as they relate to Plaintiffs' and others purported actions and, therefore, deny the same. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 70 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

71. The allegations contained in Paragraph 71 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 71 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.
72. In response to the allegations in Paragraph 72 of the Complaint, the City Defendants admit only that on January 29, 2024, Plaintiffs' counsel submitted a public records request to the Twinsburg Police Department for (1) the CAD log for Incident #21-24864, (2) the CAD log for Incident #23-048433, and (3) the CAD log for Incident #24-02236. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 72 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.
73. The City Defendants deny the allegations in Paragraph 73 of the Complaint.
74. The City Defendants deny the allegations in Paragraph 74 of the Complaint.
75. In response to the allegations in Paragraph 75 of the Complaint, the City Defendants admit only that on January 31, 2024, Chief Mason issued a *Notice of Investigatory Interview* to Plaintiff Fidoe and Plaintiff Bartulovic. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 75 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

76. In response to the allegations in Paragraph 76 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's April 30, 2024 *Notice of Termination of Employment for Just Cause* to Plaintiff Fidoe and the City of Twinsburg's April 30, 2024 *Notice of Termination of Employment for Just Cause* to Plaintiff Bartulovic as well as all related documentation are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 76 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

77. The City Defendants deny the allegations in Paragraph 77 of the Complaint.

78. The City Defendants deny the allegations in Paragraph 78 of the Complaint.

79. The City Defendants deny the allegations in Paragraph 79 of the Complaint.

80. In response to the allegations in Paragraph 80 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's April 30, 2024 *Notice of Termination of Employment for Just Cause* to Plaintiff Fidoe and the City of Twinsburg's April 30, 2024 *Notice of Termination of Employment for Just Cause* to Plaintiff Bartulovic as well as all related documentation are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 80 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

81. In response to the allegations in Paragraph 81 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's April 30, 2024

*Notice of Termination of Employment for Just Cause* to Plaintiff Fidoe and the City of Twinsburg's April 30, 2024 *Notice of Termination of Employment for Just Cause* to Plaintiff Bartulovic as well as all related documentation are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 81 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

82. In response to the allegations in Paragraph 82 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's computer-assisted dispatch system files are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 82 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

83. In response to the allegations in Paragraph 83 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's computer-assisted dispatch system files are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 83 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

84. In response to the allegations in Paragraph 84 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's computer-assisted

dispatch system files are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 84 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

85. In response to the allegations in Paragraph 85 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's computer-assisted dispatch system files are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 85 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

86. In response to the allegations in Paragraph 86 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's computer-assisted dispatch system files are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 86 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

87. In response to the allegations in Paragraph 87 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's computer-assisted dispatch system files are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 87 of

the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

88. In response to the allegations in Paragraph 88 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's computer-assisted dispatch system files are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 88 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

89. In response to the allegations in Paragraph 89 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's computer-assisted dispatch system files are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 89 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

90. In response to the allegations in Paragraph 90 of the Complaint, the City Defendants state, while making no admissions, that the City of Twinsburg's computer-assisted dispatch system files are the best evidence of their contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 90 of the Complaint, deny that they committed any acts in violation of federal and/or state

law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

91. The City Defendants deny the allegations in Paragraph 91 of the Complaint.

92. The City Defendants deny the allegations in Paragraph 92 of the Complaint.

93. The allegations contained in Paragraph 93 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. Further answering, the City Defendants deny that they committed any acts in violation of federal and/or state law and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

94. In response to the allegations in Paragraph 94 of the Complaint, the City Defendants state, while making no admissions, that the *Contract Between the City of Twinsburg and the Ohio Patrolmen's Benevolent Association* for 2023-2025 is the best evidence of its contents. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 94 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

95. The City Defendants deny the allegations in Paragraph 95 of the Complaint.

96. The City Defendants deny the allegations in Paragraph 96 of the Complaint, including subparagraphs (a) through (b).

97. In response to the allegations in Paragraph 97 of the Complaint, the City Defendants admit only that Plaintiff Fidoe and Plaintiff Bartulovic remained employed in the City of Twinsburg Police Department until their April 30, 2024 termination. The City Defendants deny any remaining allegations – express or implied – contained in

Paragraph 97 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

98. In response to the allegations in Paragraph 98 of the Complaint, the City Defendants admit only that Poly-Tech Associates, Inc. was engaged on the City of Twinsburg's behalf to conduct polygraph examinations of Plaintiff Fidoe and Plaintiff Bartulovic on April 12, 2024 and that such examinations were conducted by William D. Evans, II – President of Poly-Tech Associates, Inc. and a certified polygraphist through the National Training Center of Polygraph Science with over forty (40) years of experience as a polygraph examiner. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 98 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

99. The City Defendants deny the allegations in Paragraph 99 of the Complaint.

100. The City Defendants deny the allegations in Paragraph 100 of the Complaint.

101. In response to the allegations in Paragraph 101 of the Complaint, the City Defendants admit only that Poly-Tech Associates, Inc. was engaged on the City of Twinsburg's behalf to conduct polygraph examinations of Plaintiff Fidoe and Plaintiff Bartulovic on April 12, 2024 and that such examinations were conducted by William D. Evans, II – President of Poly-Tech Associates, Inc. and a certified polygraphist through the National Training Center of Polygraph Science with over forty (40) years of experience as a polygraph examiner. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 101 of the Complaint, deny

that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

102. The City Defendants deny the allegations in Paragraph 102 of the Complaint.

103. The City Defendants deny the allegations in Paragraph 103 of the Complaint.

104. The City Defendants deny the allegations in Paragraph 104 of the Complaint.

105. In response to the allegations in Paragraph 105 of the Complaint, the City Defendants admit only that the polygraph examinations administered by Williams D. Evans, II to Plaintiff Fidoe and Plaintiff Bartulovic demonstrated analytic results supporting the conclusion that there were "significant reactions indicative of deception" for both examinees. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 105 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

106. In response to the allegations in Paragraph 106 of the Complaint, the City Defendants admit only that on April 25, 2024 *Pre-disciplinary Meeting Notices* were issued to Plaintiff Fidoe and Plaintiff Bartulovic relative to various allegations of misconduct. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 106 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

107. The City Defendants deny the allegations in Paragraph 107 of the Complaint.

108. The City Defendants deny the allegations in Paragraph 108 of the Complaint.

109. In response to the allegations contained in Paragraph 109 of the Complaint, the City Defendants admit only that Plaintiff Fidoe and Plaintiff Bartulovic were each first placed on administrative leave for thirty (30) calendar days on March 8, 2024 pending investigation of their conduct as Police Officer for the City of Twinsburg. Further answering, the City Defendants admit only that on April 4, 2024, Plaintiff Fidoe and Plaintiff Bartulovic's initial administrative leave period was extended by fifteen (15) calendar days and another fifteen (15) calendar days on April 19, 2024. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 109 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

110. In response to the allegations contained in Paragraph 110 of the Complaint, the City Defendants admit only that Officer Matthew Pfeifer was first placed on administrative leave for thirty (30) calendar days on March 8, 2024 pending investigation of his conduct as Police Officer for the City of Twinsburg. Further answering, the City Defendants admit only that on April 4, 2024, Officer Matthew Pfeifer's initial administrative leave period was extended by fifteen (15) calendar days, temporarily suspended on April 12, 2024, reinstated on July 5, 2024, and then extended for another fifteen (15) days through July 31, 2024. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 110 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

111. In response to the allegations contained in Paragraph 111 of the Complaint, the City Defendants admit only that Plaintiff Fidoe and Plaintiff Bartulovic were each first placed on administrative leave for thirty (30) calendar days on March 8, 2024 pending investigation of their conduct as Police Officer for the City of Twinsburg. Further answering, the City Defendants admit only that on April 4, 2024, Plaintiff Fidoe and Plaintiff Bartulovic's initial administrative leave period was extended by fifteen (15) calendar days and another fifteen (15) calendar days on April 19, 2024. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 111 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

112. The City Defendants deny the allegations in Paragraph 112 of the Complaint.

113. The City Defendants deny the allegations in Paragraph 113(a) through (c) of the Complaint.

114. The City Defendants deny the allegations in Paragraph 114 of the Complaint.

115. The City Defendants deny the allegations in Paragraph 115 of the Complaint.

116. The City Defendants deny the allegations in Paragraph 116 of the Complaint.

117. The City Defendants deny the allegations in Paragraph 117 of the Complaint.

118. In response to the allegations contained in Paragraph 118 of the Complaint, the City Defendants admit only that on April 30, 2024 a *Notice of Termination of Employment for Just Cause* was issued by Mayor and Public Safety Director, Sam Scaffide, to Plaintiff Fidoe immediately terminating his employment due to violations of the City of Twinsburg policies regarding Work Rules, the Workplace Harassment

Policy, and the Police Department Standard Operating Policy Manual. Further answering, the City Defendants admit only that on April 30, 2024 a *Notice of Termination of Employment for Just Cause* was issued by Mayor and Public Safety Director, Sam Scaffide, to Plaintiff Bartulovic immediately terminating her employment due to violations of the City of Twinsburg policies regarding Work Rules, the Workplace Harassment Policy, and the Police Department Standard Operating Policy Manual. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 118 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

**CLAIM 1**
**Alleged First Amendment Retaliation (42 U.S.C. § 1983)**

119. In response to the allegations of Paragraph 119 of the Complaint, the City Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

120. The allegations contained in Paragraph 120 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. To the extent a response is required, the City Defendants admit only that Plaintiffs purport to style their lawsuit as a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 120 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

121. The allegations contained in Paragraph 121 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. To the extent a response is required, the City Defendants admit only that Plaintiffs purport to style their lawsuit as a First Amendment retaliation claim pursuant to 42 U.S.C. § 1983. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 121 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

122. The allegations in Paragraph 122 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. To the extent a response is required, the City Defendants deny the allegations in Paragraph 122 of the Complaint, deny that they committed any acts in violation of federal or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

123. The City Defendants deny the allegations in Paragraph 123 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

**CLAIM 2**
**Alleged Equal Protection Violation (42 U.S.C. § 1983)**

124. In response to the allegations of Paragraph 124 of the Complaint, the City Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

125. The allegations contained in Paragraph 125 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. To the extent a response is required, the City Defendants admit only that Plaintiffs purport to style their lawsuit as an Equal Protection claim pursuant to 42 U.S.C. § 1983. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 125 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

126. The allegations contained in Paragraph 126 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. To the extent a response is required, the City Defendants admit only that Plaintiffs purport to style their lawsuit as an Equal Protection claim pursuant to 42 U.S.C. § 1983. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 126 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

127. The City Defendants deny the allegations in Paragraph 127 of the Complaint.

128. The City Defendants deny the allegations in Paragraph 128 of the Complaint.

129. The City Defendants deny the allegations in Paragraph 129 of the Complaint.

130. The City Defendants deny the allegations in Paragraph 130 of the Complaint.

**CLAIM 3**
**Alleged Conspiracy to Interfere with Civil Rights (42 U.S.C. § 1985(3))**
**(Against All Defendants)**

131. In response to the allegations of Paragraph 131 of the Complaint, the City Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

132. The City Defendants deny the allegations in Paragraph 132 of the Complaint.

133. The City Defendants deny the allegations in Paragraph 133 of the Complaint.

134. The City Defendants deny the allegations in Paragraph 134 of the Complaint.

**CLAIM 4**
**Alleged Interference with Civil Rights**

135. In response to the allegations of Paragraph 135 of the Complaint, the City Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

136. The allegations contained in Paragraph 136 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. To the extent a response is required, the City Defendants admit only that Plaintiffs purport to style their lawsuit as a claim pursuant to R.C. § 2307.60. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 136 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

137. The allegations contained in Paragraph 137 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required.

To the extent a response is required, the City Defendants admit only that Plaintiffs purport to style their lawsuit as a claim pursuant to R.C. § 2921.45. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 137 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

138. The allegations contained in Paragraph 138 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. To the extent a response is required, the City Defendants admit only that Plaintiffs purport to style their lawsuit as a claim pursuant to Ohio Const. art. I, § 11. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 138 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

139. The City Defendants deny the allegations in Paragraph 139 of the Complaint.

140. The City Defendants deny the allegations in Paragraph 140 of the Complaint.

## <u>CLAIM 5</u>
## Alleged Wrongful Termination in Violation of Public Policy

141. In response to the allegations of Paragraph 141 of the Complaint, the City Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

142. The allegations contained in Paragraph 142 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required.

To the extent a response is required, the City Defendants admit only that Plaintiffs purport to style their lawsuit as a claim pursuant to Ohio Const. art. I, § 11 and/or R.C. § 4113.52. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 142 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

143. The City Defendants deny the allegations in Paragraph 143 of the Complaint.

144. The City Defendants deny the allegations in Paragraph 144 of the Complaint.

145. The City Defendants deny the allegations in Paragraph 145 of the Complaint.

## CLAIM 6
## Alleged Falsification

146. In response to the allegations of Paragraph 146 of the Complaint, the City Defendants re-allege and incorporate their previous admissions and denials as if fully rewritten herein.

147. The allegations contained in Paragraph 147 of the Complaint are legal contentions, characterizations, and/or conclusions to which no response is required. To the extent a response is required, the City Defendants admit only that Plaintiffs purport to style their lawsuit as a claim pursuant to R.C. § 2921.13. The City Defendants deny any remaining allegations – express or implied – contained in Paragraph 147 of the Complaint, deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.

148. The City Defendants deny the allegations in Paragraph 148 of the Complaint.

149. The City Defendants deny the allegations in Paragraph 149 of the Complaint.

**PRAYER FOR RELIEF**

1. The City Defendants deny the allegations in the Complaint's "Prayer For Relief," deny that they committed any acts in violation of federal and/or state law, and further deny that Plaintiffs are entitled to any of the relief they seek in their Complaint.
2. The City Defendants deny each and every allegation, paragraph, subpart, or Count not expressly admitted herein to be true, and further deny that Plaintiffs are entitled to any of the relief requested in their Complaint.

**AFFIRMATIVE DEFENSES**

1. The Complaint fails to state a claim upon which relief can be granted regarding some or all of Plaintiffs' claims.
2. Plaintiffs' claims are barred, in whole or in part, pursuant to the *Contract Between the City of Twinsburg and the Ohio Patrolmen's Benevolent Association* for 2023-2025 and/or their inability to qualify as at-will employees.
3. Plaintiff Fidoe's claims are barred, in whole or in part, based on the March 28, 2024 Decision reached following hearing and testimony *In the matter of Arbitration between the Ohio Patrolmen's Benevolent Association and the City of Twinsburg* whereby it was established, amongst other things, that "Officer Fidoe violated TPD standards" and "that the City had just cause to discharge Officer Fidoe."
4. Plaintiff Bartulovic's claims are barred, in whole or in part, by Plaintiff's September 20, 2025 *Settlement Agreement and Release*].
5. Plaintiff Bartulovic's claims are barred, in whole or in part, insofar as Plaintiff Bartulovic voluntarily resigned from her employment with the City of Twinsburg.

6. Plaintiffs' claims are barred, in whole or in part, by the doctrine/defenses of laches, waiver, unclean hands and/or estoppel.
7. Plaintiffs' alleged damages, if any, were caused by Plaintiffs' actions and/or inactions.
8. Plaintiffs' claims are barred by accord and satisfaction, settlement and/or payment and release.
9. Plaintiffs are estopped by their own acts and/or omissions from seeking the relief they claim they are owed.
10. Plaintiffs are precluded from recovery to the extent their own negligence, intentional conduct, misdeeds, non-misdeeds, actions, and/or inactions caused any or all of the alleged injuries or damages in their Complaint, and they are estopped from recovering any damages against the City Defendants.
11. Plaintiffs failed, in whole or in part, to mitigate their damages, if any.
12. Plaintiffs' claims are barred in whole, or in part, by the applicable statute of limitations.
13. Plaintiffs' claims are barred as against public policy.
14. Plaintiffs' injuries and/or damages, if any, did not result in whole or in part from the City Defendants' actions and/or inactions.
15. The Complaint, and each cause of action thereof, is barred – or the damages, if any, flowing therefrom reduced – because Plaintiffs failed to notify the City Defendants of the alleged statutory violations at the time such violations allegedly occurred, which prevented the City Defendants from taking any action to remedy such alleged violations.
16. Plaintiffs' claims, if any, are prohibited by the *Faragher-Ellerth* defense/doctrine, where applicable.

17. The City Defendants had reasonable grounds at all times to believe that their actions and decisions with respect to Plaintiffs complied with state and federal law.

18. The City Defendants are completely and/or partially immune from liability pursuant to Ohio Revise Code Chapter 2744, et seq., 20 U.S.C. §§ 6734, et seq., and/or federal or state common law.

19. The City Defendants are entitled to qualified immunity related to any and all acts or omissions referred to in Plaintiffs' Complaint.

20. All actions taken and decisions made by the City Defendants with respect to Plaintiffs were made in good faith within the scope of employment and/or official duties.

21. The City Defendants had reasonable grounds, at all times, to believe that their actions and decisions with respect to Plaintiffs complied with federal and state law.

22. Plaintiffs cannot demonstrate the actual harm required for an award of relief for a violation of constitutional rights.

23. Any harm alleged by Plaintiffs was not the result of deliberate indifference to the constitutional rights of Plaintiffs on the part of the City Defendants.

24. Plaintiffs have not properly alleged or demonstrated the inadequacy of the state remedies available to them.

25. Plaintiffs are not entitled to recover their attorneys' fees and costs as requested in their Complaint, including, but not limited to, attorneys' fees pursuant to 42 U.S.C. § 1988.

26. Plaintiffs' claims are barred by all applicable privilege doctrines.

27. Plaintiffs have failed to specifically state any items of special damage alleged in their Complaint.

28. The City Defendants' conduct towards Plaintiffs was not malicious, intentional, willful or in reckless disregard of their rights.
29. The City Defendants' actions and decisions with respect to Plaintiffs were at all times made in good faith and were based upon legitimate, non-discriminatory, non-retaliatory, and non-pretextual reasons.
30. To the extent that Plaintiffs seeks punitive damages against the City Defendants, the City Defendants are immune from any claim for punitive damages under provisions of federal and state law, including, but not limited to, 20 U.S.C. § 6736(c) and R.C. 2744.05.
31. To the extent that Plaintiffs seek punitive damages, unless the City Defendants' liability for punitive damages and the appropriate amount of punitive damages required to be established by clear and convincing evidence, any award of punitive damages would violate the City Defendants' due process rights guaranteed by the Fourteenth Amendment of the United States Constitution and by the Ohio Constitution and would be improper under the common law and public policies of Ohio.
32. To the extent that Plaintiffs seek punitive and non-economic damages, Plaintiffs' claims are capped pursuant, but not limited to, R.C. § 2315.18 and R.C. § 2315.21.
33. Plaintiffs' demand for exemplary and/or punitive damages is barred by Ohio public policy, statutory, and/or common law.
34. The City Defendants' actions and decisions with respect to Plaintiffs were at all times made in good faith and were based upon legitimate reasons and, therefore, Plaintiffs' claim for punitive and/or exemplary damages must be dismissed.
35. Plaintiffs' claim for punitive damages – if any – cannot be maintained unless the trial is bifurcated.

36. To the extent that Plaintiffs seek declaratory relief and/or declaratory judgment, Plaintiffs have failed to allege an existing, justiciable controversy that requires speedy relief to preserve Plaintiffs' rights which may be otherwise impaired or lost.

37. To the extent that Plaintiffs seek injunctive relief, such claim should be denied as monetary relief adequately compensates Plaintiffs' damages, if any.

38. The City Defendants expressly reserve the right to amend their Answer and to assert additional defenses or affirmative defenses supported by additional facts as they become known through further investigation as discovery continues.

**WHEREFORE**, Defendants, City of Twinsburg, Police Chief Thomas Mason, Lieutenant Brian Donato, and Mayor Sam Scaffide, respectfully request that Plaintiffs' Complaint against them be dismissed in its entirety and that they be awarded their reasonable costs, including attorneys' fees, in defending this action.

## JURY DEMAND

A trial by jury of the maximum number of jurors allowed by law is hereby demanded.

Respectfully submitted,

*/s/ Sara Ravas Cooper*

Sara Ravas Cooper (Reg. No. 0076543)
Email: scooper@westonhurd.com
Direct Dial: 216.687.3364
Max V. Rieker (Reg. No. 0081494)
Email: mrieker@westonhurd.com
Direct Dial: 216.687.3376
Brad M. Zebedis (Reg. No. 0097095)
Email: bzebedis@westonhurd.com
Direct Dial: 216-687-3235
**WESTON HURD LLP**
1300 East 9th Street, Suite 1400
Cleveland, Ohio 44114-1862

*Counsel on behalf of Defendants, City of Twinsburg, Chief Thomas Mason, Lt. Brian Donato, and Mayor Sam Scaffide*

~ and ~

*/s/ Matthew J. Vazzana*

Matthew J. Vazzana, Esq. (0087804)
City of Twinsburg Law Director
10075 Ravenna Road
Twinsburg, Ohio 44087
Telephone: (330) 963-6248
Fax: (330) 963-6251
Email: mvazzana@twinsburg.oh.us

*Co-Counsel on behalf of Defendants, City of Twinsburg, Chief Thomas Mason, Lt. Brian Donato, and Mayor Sam Scaffide*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 25th day of August, 2026, a copy of the foregoing was filed electronically. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system.

*/s/ Sara Ravas Cooper*
One of the Attorneys for Defendants,
City of Twinsburg, Thomas Mason, Brian Donato, and Sam Scaffide