IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL FIDOE, *et. al.*, | ) | |
| | ) | CASE NO. 5:26-cv-1011-SL |
| Plaintiffs, | ) | |
| | ) | CHIEF JUDGE SARA LIOI |
| -vs.- | ) | |
| | ) | |
| CITY OF TWINSBURG, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS POLY-TECH ASSOCIATES, INC. AND WILLIAM D. EVANS II'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Defendants Poly-Tech Associates, Inc. and William D. Evans II hereby move this Honorable Court pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure for an Order dismissing Plaintiffs' Complaint against them, and each of them, on the ground that no subject-matter jurisdiction exists regarding this claim.

The grounds for the instant motion are more fully set forth in the Memorandum in Support and Exhibits attached hereto and made a part hereof.

Respectfully submitted,

**/s/ Bryan L. Penvose**
KOBLENTZ, PENVOSE & FRONING LLC
Richard S. Koblentz (OH S.Ct. No. 0002677)
Email: rich@koblentz.com
Bryan L. Penvose (OH S.Ct. No. 00741340)
Email: bryan@koblentz.com
Nicholas E. Froning (OH S.Ct. No. 0091755)
Email: nick@koblentz.com
Stephen W. Gard (OH S.Ct. No. 0001150)

*– Lead Counsel*
Email: Stephen.gard@yahoo.com
3 Summit Park Drive Suite 440
Cleveland, OH 44131
Phone: (216) 621-3012
Fax: (216) 621-6567

*Counsel for Poly-Tech Associates, Inc.
and William D. Evans II*

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| DANIEL FIDOE, *et. al.*, | ) | |
| | ) | CASE NO. 5:26-cv-1011-SL |
| Plaintiffs, | ) | |
| | ) | CHIEF JUDGE SARA LIOI |
| -vs.- | ) | |
| | ) | |
| CITY OF TWINSBURG, *et. al.*, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANTS POLY-TECH ASSOCIATES, INC. AND WILLIAM D. EVANS II'S MEMORANDUM AND EXHIBITS IN SUPPORT OF THEIR MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Defendants Poly-Tech Associates, Inc. and William D. Evans II respectfully submit that no subject-matter jurisdiction exists as to the claim made against each of them. Plaintiffs Daniel Fidoe and Olivia Bartulovic are former police officers alleging the violation of their civil rights in their main complaint against Defendants City of Twinsburg, its Mayor, Chief of Police and another police officer. Defendant Poly-Tech Associates, Inc. is a private corporation owned by Defendant William D. Evans II, a private individual.

Defendant William D. Evans was engaged by the City of Twinsburg, with no objection from the union lawyers representing Plaintiffs at that time, as an independent contractor solely for the purpose of conducting a polygraph examination of each Plaintiff. Subject-matter jurisdiction herein is based entirely on Plaintiffs' assertion that Defendants Poly-Tech and Evans conspired with Defendant City of Twinsburg to reach a result favorable to Twinsburg. The entirety of the factual

allegations supporting this alleged conspiracy are contained in paragraphs 98-105 of Plaintiffs' Complaint. It is certainly doubtful that these allegations against Defendants Poly-Tech and Evans meet the specificity requirements for a conspiracy action. See, e.g., *Trans Rail America v. Hubbard Top.*, 478 Fed.Appx.986, 988 (6th Cir. 2012); *Garrett v. Morgan County Sheriff's Office*, 792 F.Supp.3d 771, 793, 805-06, 811-12 (N.D. Ohio 2025); *Hinners v. O'Shea*, 2022 WL 1778409, at *11 & *24-25 (N.D. Ohio 2022). For example, Plaintiffs' Complaint wholly fails to allege the who, what, where or when of this alleged conspiracy. Furthermore, the necessary implication of Plaintiffs' Complaint, that their own union lawyers (and perhaps the union itself) participated in this alleged conspiracy, renders the entire claim highly implausible. Since all Defendants herein except Poly-Tech and Evans are employees of Twinsburg no conspiracy is possible at all absent the alleged participation Poly-Tech and Evans. Trans Rail America, supra; Hinners, supra. (Intra-corporate conspiracy doctrine).

Defendants Poly-Tech and Evans do not rest their motion to dismiss for lack of subject matter jurisdiction solely on the flaws in Plaintiffs' Complaint. Plaintiffs' Complaint masterfully omits all facts relevant to the polygraph examinations of the Plaintiffs and surrounding circumstances thereby creating a false and misleading scenario. Three Exhibits are attached hereto and made a part hereof which demonstrate that when the full facts are known this Court has no subject-matter jurisdiction: Exhibit 1 (Arbitration Award regarding termination of employment of Plaintiff Fidoe); Exhibit 2 (Collective Bargaining Agreement: Employee Rights); Exhibit 3 (Stipulation by Twinsburg and Ohio Patrolmen's' Benevolent Association regarding polygraph and related matters).

The law is clearly established that on a motion of dismiss pursuant to Rule 12(b)(1) for lack of subject-matter jurisdiction it is proper for this Court to consider evidentiary material outside the pleadings such as the Exhibits attached hereto. When, as here, a factual challenge to subject-matter jurisdiction is made there is no presumption that the allegations in the Complaint are true and the Plaintiffs bear the burden of proof by a preponderance of the evidence of the facts necessary to establish subject-matter jurisdiction. *See*, e.g., *O'Bryan v. Holy See*, 556 F.3d 361, 377 (6th Cir. 2009); *United States v. Ritchie*, 15 F.3d 592, 598 (6th Cir. 1994); *Garrett v. Morgan County Sheriff's Office*, *supra* at 793. In other words, Plaintiffs Fidoe and Bartulovic cannot rest on the vacuous allegations in their Complaint but must prove each of the facts which supposedly support the claim that a conspiracy existed and that Defendants Poly-Tech and Evans were participants in it. In reality, the facts studiously omitted from Plaintiffs' Complaint prove the opposite.

Defendant City of Twinsburg brought not one, but several charges of misconduct against Plaintiffs Fidoe and Bartulovic in support of the termination of their employment as police officers. (Exhibit 1 at p. 22-23). For example, Defendant Twinsburg alleged that on multiple occasions Plaintiffs Fidoe and Bartulovic spent inordinate amounts of time parked in dark areas of parking lots inside and outside the City when one or both of them were supposed to be on patrol. (Exhibit 1 at p. 4-7, 10-11, 14-15, 34-36) These are the only grounds for termination which Plaintiffs challenge in their Complaint (see paragraphs 76-91). Twinsburg also alleged that Fidoe intentionally damaged City property and attempted to hide his on-duty locations. (Exhibit 1 at p. 11, 15, 41-42). In addition, Twinsburg alleged that Fidoe made derogatory statements about the Mayor of Twinsburg and the Twinsburg Police Department and its leadership to officers from other police departments. Even at the Arbitration hearing regarding his termination Plaintiff Fidoe never attempted to demonstrate the

truth of any of these statements. (Exhibit 1 at p. 19-22, 38-41). All of these allegations are entirely irrelevant to the claim of conspiracy allegedly involving Defendants Poly-Tech and Evans since Defendant Evans never polygraphed or otherwise had any involvement in these many allegations.

Defendant Evans was engaged as an independent contractor to conduct polygraph examinations of Plaintiffs Fidoe and Bartulovic on one single issue related to a specific one-time event. Twinsburg alleged that Fidoe had been granted permission to remove his police cruiser from the City of Twinsburg to drive to a medical appointment in Akron. Instead, Fidoe drove his cruiser to Plaintiff Bartulovic's house where Bartulovic loaned him her personal vehicle which he drove to Akron. When questioned about this matter by their superior officers on the Twinsburg police force Plaintiffs Fidoe and Bartulovic both denied that Fidoe had left his cruiser at Bartulovic s house and driven her personal vehicle to Akron. To repeat, of all the charges of misconduct asserted in support of the termination of the Plaintiffs from their employment this is the only one on which Defendant Evans polygraphed the Plaintiffs or had any involvement whatsoever. (Exhibit 1 at p. 7-10, 13-14, 30-34). Significantly, Fidoe's failure of the polygraph examination administered by Defendant Evans was not one of the charges against Fidoe asserted by Defendant City of Twinsburg. (Exhibit 1 at p. 22-23)

Prior to requiring Plaintiffs Fidoe and Bartulovic to submit to the polygraph exam by Defendant Evans, the Defendant City of Twinsburg already had in its possession photographic and GPS evidence which clearly established the factual basis for this charge of misconduct. This evidence, which existed before any polygraph exam, also demonstrated that Plaintiffs' denials were false. (Arbitration Award at p. 7-10).

Polygraph testing of City of Twinsburg police officers is strictly governed by the terms of Section 8 of the Employee Rights Article of the Collective Bargaining Agreement (CBA) between the City of Twinsburg and the Ohio Police Benevolent Association. (Exhibit 2, attached hereto, quoted in Exhibit 1 at p.28 (emphasis added)). In relevant part this section of the CBA provides:

> <u>The results of the examination alone shall not be used to prove the factual basis for the charges. The results of the examination shall not be determinative of the employee's guilt. Such results shall only be presented as supporting and not as conclusive evidence that the employee engaged in the misconduct. . . .</u>

Thus, the polygraph examinations conducted by Defendant Evans were not, and could not, have been used to establish the guilt of the Plaintiffs on the one issue on which he tested them. This is especially true because Defendant City of Twinsburg already had in its possession sufficient photographic and GPS evidence to prove Plaintiffs' guilt on this charge.

The lack of subject-matter jurisdiction in this case is further demonstrated by the **<u>Joint Stipulations</u>** entered into between Plaintiff Fidoe's attorney at the Arbitration hearing and the City of Twinsburg, (Exhibit 3, attached hereto). The OPBA attorney representing Fidoe at the Arbitration stipulated to Evans polygraph exam report and that the OBPA had hired Defendants Poly-Tech and Evans in the past and used their work product. Fidoe's OPBA lawyer also stipulated to the admission of the peer reviews of polygraphists Ken Butler and Thomas P. McLaughlin supporting Evans' polygraph exam of Fidoe, which showed that Fido's answers to the polygraph exam by Evans were deceptive, into evidence.

**<u>Fidoe admitted at the Arbitration hearing that his answers to the polygraph exam administered by Defendant Evans were false!</u>** (Exhibit 1 at p. 16-17, 30-34). After stipulating to

the result of the polygraph exam and admitting that his answers were false, Plaintiff Fidoe cannot be permitted to contradict his admissions now. Perhaps this is why Plaintiffs' Complaint nowhere alleges that the underlying conduct upon which he was polygraphed by Defendant Evans violated any of his civil rights.

If more evidence of the groundless nature of Plaintiffs' assertion of subject-matter jurisdiction is necessary it can be found in the fact that, although the Arbitrator found that Fidoe committed the underlying conduct upon which he was polygraphed, it was not the basis upon which his employment termination was upheld. Instead, the Arbitrator found that, entirely aside from his failed polygraph exam and the facts underlying it, the totality of the other charges and the repeated falsehoods told by Fidoe justified his employment termination. (Exhibit 1 at p. 43-46).

The Arbitrator even noted that after Fidoe was terminated by Defendant City of Twinsburg he was briefly employed by Springfield Township where he was terminated for using excessive force on a civilian and then lying to his superior officers about it as established by a video of the incident. (Exhibit 1 at p. 23-27). It is no exaggeration to say that Daniel Fidoe is the George Santos of Ohio police officers despite his allegation in the Complaint that his conduct as a police officer has been "stellar" since his termination by Defendant City of Twinsburg. (Complaint at paragraph 112).

A quick review demonstrates that there is no basis for Plaintiffs' claim that Defendants Poly-Tech and William Evans conspired to violate their civil rights:[1]

---

[1] Plaintiff Bartulovic voluntarily resigned from her position as a police officer employed by Defendant City of Twinsburg and thus did go through the Arbitration process. Nevertheless, the undisputed facts are that Defendant Twinsburg charged Bartulovic with numerous charges of misconduct including spending ordinate amount of time meeting Plaintiff Fidoe in darkened areas of parking lots when one or both of them

* City of Twinsburg charged Plaintiffs with multiple charges of misconduct;

* Defendant Evans polygraphed Plaintiffs on only one of the numerous charges of misconduct;

* Plaintiff Fidoe admitted that his answers on the polygraph exam were false and stipulated to the Evans Report at the Arbitration;

* The City of Twinsburg had ample evidence of Plaintiffs employment misconduct underlying the polygraph exam, including photographic and GPS evidence;

* The failed polygraph exam was not alleged as a ground for discipline and could not have been the cause of Fidoe's employment termination or Bartulovic's voluntary resignation;

* Plaintiff Fidoe's employment termination was based on his numerous other instances of employment misconduct and his numerous falsehoods unrelated to his failed polygraph exam and underlying conduct regarding the trip to Akron;

* There is no evidence of any conspiracy to violate the civil rights of either Plaintiff and the Complaint entirely fails to allege the necessary elements of a conspiracy action.

---

should have been patrolling the city. Defendants Poly-Tech Associates and William Evans had no involvement regarding these charges whatsoever. Defendant Evans only polygraphed Plaintiff Bartulovic on the one charge of falsely denying that she loaned her personal vehicle to Fidoe to drive to Akron on that one occasion. If Fidoe's answers on this issue were false, then Bartulovic's answers also were necessarily false. Similarly, if this one issue was not sufficient to justify Fidoe's termination it certainly cannot be said to be the cause of Bartulovic's voluntary resignation. Plaintiff Bartulovic bears the burden of proof on this motion; therefore, Defendants Poly-Tech and Evans will not needlessly burden the Court with additional evidentiary material regarding Bartulovic at this time.

Plaintiffs Fidoe and Bartulovic bear the burden of proof that this Court has subject-matter jurisdiction of their claim that Defendants Evans and Poly-Tech Associates engaged in a conspiracy to violate their civil rights. The Complaint itself fails allege a conspiracy, let alone one involving Defendants Poly-Tech and Evans. In addition, the underlying facts demonstrate that the claim of a conspiracy is utterly frivolous. In this case Plaintiffs are wholly unable to met their burden of proof.

Defendants Poly-Tech Associates, Inc. and William D. Evans II respectfully submit that their motion to dismiss the utterly frivolous Complaint against them should be granted.

Respectfully submitted,

**/s/ Bryan L. Penvose**
KOBLENTZ, PENVOSE & FRONING LLC
Richard S. Koblentz (OH S.Ct. No. 0002677)
Email: rich@koblentz.com
Bryan L. Penvose (OH S.Ct. No. 00741340)
Email: bryan@koblentz.com
Nicholas E. Froning (OH S.Ct. No. 0091755)
Email: nick@koblentz.com
Stephen W. Gard (OH S.Ct. No. 0001150)
*– Lead Counsel*
Email: Stephen.gard@yahoo.com
3 Summit Park Drive Suite 440
Cleveland, OH 44131
Phone: (216) 621-3012
Fax: (216) 621-6567

*Counsel for Poly-Tech Associates, Inc. and William D. Evans II*

**CERTIFICATE OF PAGE LIMITATION COMPLIANCE**

I hereby certify that the foregoing brief in support complies with the page limitations set forth by Sec. IX(C) of the Court's Standing Order issued on 8/26/2026, at p. 8 of 11 as well as Loc. R. 7.1(f).

**/s/ Bryan L. Penvose**
KOBLENTZ, PENVOSE & FRONING LLC

**CERTIFICATE OF SERVICE**

I certify that the foregoing has been filed this 22nd day of September, 2026 through the Court's electronic filing system. All parties may access the foregoing via the Court's electronic filing system.

**/s/ Bryan L. Penvose**
KOBLENTZ, PENVOSE & FRONING LLC