DocuSign Envelope ID: 9F6F4494-454D-4C94-941E-F689514285D8

Ex. 2 - CBA, Employee Rights

## ARTICLE 4
## EMPLOYEE RIGHTS

Section 1. An employee has the right to the presence and advice of an OPBA representative at all disciplinary interrogations except routine inquiries by supervisors into operational matters.

Section 2. Before an employee may be charged with any violation of the Rules and Regulations for a refusal to answer questions or participate in an investigation, he shall be advised that his refusal to answer such questions or participate in such investigation will be the basis of such a charge.

Section 3. Questioning or interviewing of an employee in the course of an internal investigation will be conducted at hours reasonably related to the employee's shift, unless operational necessities require otherwise. Interrogation sessions shall be for reasonable periods of time and time shall be provided for rest periods and attendance to physical necessities.

Section 4. An employee will be informed in writing of the nature of any investigation of
Himself prior to any questioning. If the employee being questioned is, at that time, a witness and not under investigation, he shall be so advised.

Section 5. An employee may request an opportunity to review his personnel file, add memoranda to the file clarifying any documents contained in the file and may have a representative of the OPBA present when reviewing the file. A request for copies of items included in the file shall be honored. All items in an employee's file with regard to complaints and investigations will be clearly marked with respect to final disposition. Items which are no longer effective, or documents regarding investigations of which an employee is not disciplined in any manner, or where issued discipline is reversed or otherwise vacated shall not be kept in the personnel file, but shall be placed in a separate file not related to the personnel file.

Section 6. Complaints by civilians shall be processed in accordance with the Department's current Civilian Complaint Policy, which is currently numbered 069 or any subsequent mutually agreed substitute policy.

Section 7. Employee personnel files shall be maintained and accessed in accordance with applicable laws.

Section 8. No records of disciplinary action which are more than two years old, or oral reprimands more than nine months old shall be used by the Employer for the purpose of progressive discipline. Records, if any, of oral reprimands are not to be kept in the employee personnel file.

Section 9. An employee may only be required to submit to a polygraph examination or other truth detection device where the employee has already been charged with misconduct of such seriousness that the employee may be discharged if such charges are proven. The examiner shall focus his questioning on the specific incident or events leading to the charges and shall in no way be used to uncover unrelated acts of misconduct. The results of the examination alone shall not be used to prove the factual basis for the charges. The results of the examination shall not be determinative of the employee's guilt. Such results shall only be presented as supporting and not as conclusive evidence that the employee engaged in the misconduct with providing false statements or failure to cooperate in an investigation if he fails an examination.

## ARTICLE 5
## ASSOCIATION REPRESENTATION

Section 1. The parties recognize that it may be necessary for an employee representative of the OPBA to leave a normal work assignment to represent another bargaining unit employee in formal investigations where the employee reasonably believes he could be disciplined; in a grievance, arbitration or disciplinary meetings, or attend meetings with the Employer regarding labor-management issues or bargaining sessions. The OPBA recognizes the operational needs of the Employer and will cooperate to keep to a minimum the time lost from work by representatives. Before leaving an assignment pursuant to this section, the representative must obtain approval from the officer in charge of the shift. The Employer will compensate a representative at the normal rate for the time spent in the good faith processing of grievances during the representative's scheduled working hours and at any meetings at which the Employer requests a representative to be present. The processing of grievances shall not include the investigation of grievances.

Section 2. Upon reasonable advance notice, the Union Director(s) shall be collectively granted up to thirty-three (33) total, cumulative hours each calendar year to perform their Union functions including, but not limited to, attendance at regular and special meetings, conventions, seminars, conferences, legal proceedings, official Union business and activities related to grievance procedures without loss of pay, providing verification in advance to the Chief by the Union Director(s) and provided further that no overtime or additional cost is required to be paid by the Employer for this accommodation, unless approved in advance by the Chief or designee. It is further understood that the thirty-three (33) hours will be the total number of hours of release time for Union functions for all individuals in the Police Department regardless of whether they are members of this bargaining unit.