UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DANIEL FIDOE,** *et al.*,<br>*Plaintiffs,*<br>v.<br>**CITY OF TWINSBURG,** *et al.*,<br>*Defendants.* | Case No.: 5:26-cv-01011<br>Judge Sara Lioi<br>Magistrate Judge Amanda M. Knapp |

**PLAINTIFFS' BRIEF IN OPPOSITION TO POLY-TECH'S MOTION TO DISMISS FOR LACK OF SUBJECT-MATTER JURISDICTION**

Plaintiffs Daniel Fidoe and Olivia Bartulovic respectfully oppose the motion to dismiss filed by Defendants Poly-Tech Associates, Inc. and William D. Evans II. While Defendants appear unable to decide whether they are disputing the Court's subject-matter jurisdiction over the case or the merits of the case, their motion fails in either case.

## I. Because the Complaint raises claims arising under federal law, the Court has subject-matter jurisdiction.

"Federal district courts have subject-matter jurisdiction over 'all civil actions arising under the Constitution, laws, or treaties of the United States.'" *Chase Bank USA, N.A. v. City of Cleveland*, 695 F.3d 548, 553–54 (6th Cir. 2012) (citing 28 U.S.C. § 1331). Here, Claims 1 through 3 each raise claims under federal law, 42 U.S.C. §§ 1983 and 1985, alleging violations of federal rights under the First and Fourteenth Amendments. The Court therefore has jurisdiction over those claims under 28 U.S.C. § 1331. Claims 4 through 6 raise claims under state law against the same parties and arise from the same facts as the constitutional claims. The Court therefore has jurisdiction over those claims under 28 U.S.C. § 1367.

Although subject-matter jurisdiction is apparent from the face of the Complaint, the Poly-Tech Defendants nonetheless argue that jurisdiction is wanting because they deny engaging in misconduct. But that is an argument about the merits—not about jurisdiction—and the law is clear: a district court may not address the merits at the jurisdictional stage.

"Ordinarily, judges may resolve factual disputes in the course of determining whether subject matter jurisdiction is proper. But [not] when the factual disputes are intertwined with the merits." *Perttu v. Richards*, 605 U.S. 460, 472 (2025). For instance, in *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 486 (6th Cir. 2009), union members brought contract claims against an employer when it increased their health-care contributions, and the employer moved to dismiss for lack of jurisdiction, presenting evidence that it had not actually breached the agreement. The district court dismissed the case for lack of subject-matter jurisdiction, holding that the Labor–Management Relations Act limits its jurisdiction to cases involving a "violation" of a collective-bargaining agreement, but the employer's evidence showed the agreement had not actually been violated. But the Sixth Circuit reversed, holding that a defendant may not smuggle its merits defenses into a jurisdictional challenge:

> If we were to consider a violation a jurisdictional prerequisite, Congress would be requiring a district court to determine whether a violation had occurred before it could decide at the merits stage whether a violation had occurred. This cannot be the result intended by Congress with the use of the violation language.

Defendants' motion makes the same move, so the Court should give it the same treatment. Based on some vaguely favorable evidence,[1] they say the Court should determine both that they are not liable and that it has no jurisdiction to determine their liability. The argument is

[1] Even if that evidence were relevant, Defendants have not authenticated any of it, and it is therefore inadmissible. *Lyngaas v. Curaden AG*, 992 F.3d 412, 431 (6th Cir. 2021).

self-defeating, but even if it weren't, black-letter law defeats it anyway: Claims 1 through 3 raise claims "arising under the Constitution, laws, or treaties of the United States," and Claims 4 through 6 are "so related" to those claims "that they form part of the same case or controversy."

The Complaint therefore properly invokes the Court's subject-matter jurisdiction.

## II. None of Poly-Tech's scattershot arguments have any relevance to a jurisdictional analysis.

Tellingly, Defendants offer precisely zero cases saying that the Court may accept their merits defenses at the jurisdictional stage. Instead, they rely on a collection of slapdash arguments that are equally devoid of any support in the facts or the law:

- They argue that the Complaint "wholly fails to allege the who, what, where or when of this alleged conspiracy," but they simultaneously point the Court to "paragraphs 98-105 of Plaintiffs' Complaint," which allege the who ("The City directed Defendant Evans … Defendant Evans and his company agreed to the assignment."),[2] the what ("Evans drafted a report confirming what the City hired him to confirm"),[3] and the when ("When Officers Fidoe and Bartulovic appeared for their examinations")[4] of the conspiracy.
- They argue that under the intracorporate-conspiracy doctrine, "no conspiracy is possible at all absent the alleged participation [of] Poly-Tech and Evans,"[5] but they admit the Complaint alleges participation by Poly-Tech and Evans.[6]
- They argue that the City brought charges against Plaintiffs that Evans and Poly-Tech weren't involved in, but they admit they did have some "involvement" with at least one of "the charges of misconduct asserted in support of the termination."[7]

---

[2] Complaint, ¶¶ 100–01.

[3] Complaint, ¶ 105.

[4] Complaint, ¶ 102.

[5] Mot. to Dismiss, 2.

[6] Mot. to Dismiss, 2.

[7] Mot. to Dismiss, 4 ("[O]f all the charges of misconduct asserted in support of the termination of the Plaintiffs from their employment this is the only one on which Defendant Evans polygraphed the Plaintiffs or had any involvement whatsoever.")

- They argue that their own polygraph examination results should have been inadmissible at Officer Fidoe's arbitration, but they fail to explain how admissibility would bear on the Court's subject-matter jurisdiction to hear this case.
- They argue that the Ohio Patrolmen's Benevolent Association nonetheless stipulated to the admission of that report at arbitration, but again, they fail to explain how that would bear on the Court's subject-matter jurisdiction to hear this case.
- They argue that the Court has no jurisdiction because an arbitrator found that Officer Fidoe's termination was justified, but the arbitrator's decision does not even have a preclusive effect on Officer Fidoe's claims, let alone the power to strip this Court of jurisdiction. *McDonald v. City of W. Branch*, 466 U.S. 284 (1984) ("In a § 1983 action, a federal court should not afford res judicata or collateral estoppel effect to an award in an arbitration proceeding brought pursuant to the terms of a collective-bargaining agreement.").

In the end, Defendants seek to deprive the Court of subject-matter jurisdiction based on their defense counsel's representation that they are not liable, and nothing more: no admissible evidence, no statutory authority, no procedural rules, no case law. The Court should reject all these unsupported arguments. *Nat'l Credit Union Admin. Bd. v. Zovko*, 728 F. App'x 567, 568 (6th Cir. 2018) (holding "argument is waived" where proponents "do not offer even a single legal citation" in support).

## III. Conclusion

Despite Defendants' efforts at clouding the record, the only facts relevant to their motion are crystal-clear and undisputed: The Complaint asserts three claims "arising under the Constitution, laws, or treaties of the United States," and three more claims "so related" to those claims "that they form part of the same case or controversy." The Court therefore has subject-matter jurisdiction over this matter under 28 U.S.C. § 1331 and 28 U.S.C. § 1367, and it should deny Poly-Tech's motion to dismiss.

Respectfully submitted,

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
Alex F. Freitag (0089336)
Speech Law, LLC
4403 Saint Clair Ave., Suite 400
Cleveland, OH 44103-1125
216-912-2195 Phone/Fax
brian.bardwell@speech.law
alex.freitag@speech.law
*Attorney for Plaintiffs Daniel Fidoe and Olivia Bartulovic*

## CERTIFICATE OF SERVICE

I certify that on September 23, 2026, this document was served on opposing counsel as provided by Fed. R. Civ. P. 5(b)(2)(E).

*/s/Brian D. Bardwell*
Brian D. Bardwell (0098423)
*Attorney for Plaintiffs Daniel Fidoe and Olivia Bartulovic*